

FILED
TIME 12:25P.

MAY 10 2016

RICHARD W. NAGEL, Clerk of Court
COLUMBUS, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN THE MATTER OF THE APPLICATION :
OF THE UNITED STATES FOR AN ORDER :
AUTHORIZING INSTALLATION OF A PEN :    MAGISTRATE NO:
REGISTER, CALLER IDENTIFICATION, A :
TRAP AND TRACE DEVICE, CELLULAR :       2:16-mj-221
SITE INFORMATION AND DISCLOSURE OF :    To be filed under seal
TELPHONE SUBCRIBER RECORDS FOR :
SPRINT NUMBER 614-369-5045 :

## APPLICATION

I, Timothy Prichard, an attorney of the United States Department of Justice, hereby applies to the court for an order authorizing the installation of a pen register, caller identification device, a trap and trace device, cellular site information based on contemporaneous billing records, and the disclosure of telephone subscriber and call detail records on **Sprint** cellular telephone number **614-369-5045** believed to be used by Pedro OSORIO. In support of this application, applicant states the following:

1. Applicant is an "attorney for the Government" as defined in Rule 1(b)(1)(A) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. §3122 and 18 U.S.C. §2703(d), may apply for an order authorizing the installation and use of a pen register, caller identification device, a trap and trace device, cellular site information based on contemporaneous billing records and disclosure of telephone subscriber and call detail records.

2. Applicant certifies that agents of the Drug Enforcement Administration (DEA) are conducting a federal criminal investigation of OSORIO, and others, both

1

known and unknown, in connection with possible violations of 21 U.S.C. §841(a)(1)(distribution of methamphetamine); 21 U.S.C. §846 (conspiracy to distribute and possess with intent to distribute methamphetamine); 21 U.S.C. §843(b)(use of a telephone facility to facilitate the commission of a felony); and, 18 U.S.C. §1962 (d)(conspiracy to conduct enterprise affairs through a pattern of racketeering activity), that it is believed that the subjects of the investigation are using **614-369-5045** in furtherance of the subject offenses; and that the information likely to be obtained from the pen register, caller identification, trap and trace device, cellular site information and disclosure of telephone subscriber and call detail records is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses. An affidavit of Special Agent Scott Waugaman, Drug Enforcement Administration assigned to the Federal Bureau of Investigation Task Force, is attached to this Application, setting forth the nature of the criminal investigation which demonstrates specific and articuable facts showing that there are reasonable grounds to believe that the information is relevant and material to an ongoing criminal investigation.

3. The Applicant requests that the court issue an order authorizing the installation and use of a pen register, caller identification, and a trap and trace device on **Sprint** cellular telephone number **614-369-5045** to capture the incoming electronic or other impulses which identify the originating number of an instrument or device from which a wire or electronic communication was transmitted to telephone number **614-369-5045** and the date, time and duration of such incoming and outgoing impulses dialed or pulsed from the subscriber's telephone; the disclosure of cellular site information based

on contemporaneous billing records; and the disclosure of telephone subscriber and call detail records for a period of sixty (60) days.

4. The applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation and use of a pen register, caller identification, trap and trace device, disclosure of cellular site information and disclosure of telephone subscriber and call detail records by **Sprint**, with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

5. The applicant requests further that the court's order apply not only to the target cellular telephone number listed herein, but to any subsequent instrument assigned cellular telephone number **614-369-5045** or to any changed cellular telephone numbers subsequently assigned to the same IMSI/ESN utilized by the target or target cellular telephone, within the sixty (60) day period, and that no further authorization is needed for any such changed cellular telephone number or instrument, and that such changes will be reported to the court within five (5) days by an in camera submission to be placed under seal.

6. Applicant further requests that, pursuant to 18 U.S.C. §2703(c)(2), the order direct T-Mobile USA, Cellco Partnership, d/b/a Verizon Wireless, Cingular Wireless, American Telephone and Telegraph Company (AT&T), AT&T Wireless Services, U.S. Sprint, Sprint PCS, Sprint Spectrum LP, MCI WorldCom, Sprint Nextel Communications, MetroPCS, Inc., Locus Telecommunications, Page Plus, Verizon, Verizon North, Sage Telecommunications, Virgin Mobile, Wide Open West, Time Warner, Alltel, Leap Wireless D/B/A Cricket Communications, KMC Telecom III, Arch

3

Wireless, Revol Wireless, Tracfone and/or any other provider of wire communication service to furnish agents of the FBI Task Force, upon request, subscriber information, ESN, IMSI, UFMI and/or IMEI and call detail records pertaining to any and/or all telephone numbers, both published and non-published, which are identified by use of the requested registering device, caller identification device and trap and trace device.

    7.  WHEREFORE, it is respectfully requested that the court grant an order for a period of 60 days (l) authorizing the installation and use of a pen register, caller identification, installation of a trap and trace device to record numbers dialed or pulsed to or from telephone number **614-369-5045** and the disclosure of telephone subscriber information, ESN, IMSI, UFMI and/or IMEI and call detail records; (2) T-Mobile USA, Cellco Partnership, d/b/a Verizon Wireless, Cingular Wireless, American Telephone and Telegraph Company (AT&T), AT&T Wireless Services, U.S. Sprint, Sprint PCS, Sprint Spectrum LP, MCI WorldCom, Sprint Nextel Communications, MetroPCS, Inc., Locus Telecommunications, Page Plus, Verizon, Verizon North, Sage Telecommunications, Virgin Mobile, Wide Open West, Time Warner, Alltel, Leap Wireless D/B/A Cricket Communications, KMC Telecom III, Arch Wireless, Revol Wireless, Tracfone and/or any other provider of wire communication service to forthwith furnish agents/officers of the DEA, with all information, facilities and technical assistance necessary to accomplish the installation of the devices unobtrusively and with minimum interferences to the service presently accorded persons whose dialings or pulsings are the subject of the pen register, caller identification device and trap and trace device; (3) directing **Sprint** to disclose to agents of the FBI Task Force cellular site information based on contemporaneous billing records; **(4)** directing T-Mobile USA, Cellco Partnership, d/b/a

4

Verizon Wireless, Cingular Wireless, American Telephone and Telegraph Company (AT&T), AT&T Wireless Services, U.S. Sprint, Sprint PCS, Sprint Spectrum LP, MCI WorldCom, Sprint Nextel Communications, MetroPCS, Inc., Locus Telecommunications, Page Plus, Verizon, Verizon North, Sage Telecommunications, Virgin Mobile, Wide Open West, Time Warner, Alltel, Leap Wireless D/B/A Cricket Communications, KMC Telecom III, Arch Wireless, Revol Wireless, Tracfone and/or any other provider of wire communication service to furnish agents of the DEA, upon request, subscriber information, ESN, IMSI, UFMI and/or IMEI and call detail records pertaining to any and/or all telephone numbers, both published and non-published, which are identified by use of the requested registering device, caller identification device and trap and trace device, and (5) pursuant to 18 U.S.C. §3123(d), that this order, the application and affidavit be sealed until otherwise ordered by the court, and that Sprint/Nextel, shall not disclose the existence of this order or the existence of the investigation to the listed subscriber, or to any other person, unless or until other wise ordered by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2016.

Timothy Prichard
Applicant

5

FILED
TIME 12:25P

MAY 10 2016

RICHARD W. NAGEL, Clerk of Court
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN THE MATTER OF THE APPLICATION :
OF THE UNITED STATES FOR AN ORDER :
AUTHORIZING INSTALLATION OF A PEN :
REGISTER, CALLER IDENTIFICATION, A :
TRAP AND TRACE DEVICE, CELLULAR :
SITE INFORMATION AND DISCLOSURE OF :
TELEPHONE SUBSCRIBER RECORDS FOR :
AT&T CELLULAR TELEPHONE :
NUMBER 614-369-5045

MAGISTRATE NO:

2:16-mj-221

To be filed under seal

## AFFIDAVIT

Your Affiant, Scott R. Waugaman, being duly sworn, deposes and says:

1. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office, further assigned to the Federal Bureau of Investigation (FBI) Violent Crimes Task Force. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). I have been a Special Agent with the DEA since 1997, during which time I have participated in numerous investigations involving narcotics trafficking. I have received specialized training in the subject of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, manufacture, transportation, distribution and importation of controlled substances, as well as methods

1

used to finance drug transactions.

2. I am familiar with the ways in which narcotic traffickers conduct their business, including methods of distributing narcotics, the use of home based telephones and the use of cellular telephones to facilitate their illegal activities, which includes text messaging and/or voice messaging. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as information provided to me by other law enforcement officers.

3. This affidavit contains information necessary to support an application for an order authorizing the installation and use of a pen register device, the installation and use of Enhanced Caller ID special calling feature, a trap and trace device, cell site information based on contemporaneous billing records, and the disclosure of telephone subscriber and call detail records. This affidavit is not intended to include each and every fact and matter observed by me or known to the government.

4. During a joint investigation between agencies of the FBI Violent Crimes Task Force to include the FBI, DEA, Homeland Security (HSI), Franklin County Sheriff's Office (FCSO) and Columbus Police Department (CPD), Jorge CAZARES, a/k/a 'Veneno' has been identified as, at least, a member of the Mara Salvatrucha (MS-13) gang in Columbus, Ohio. Specifically, Confidential Sources (CS's) and DEA/HSI investigations have identified CAZAREZ as an MS-13 leader and being involved in the importation, transportation, and distribution of quantities of methamphetamine in the Columbus, Ohio area.

5. At this time, the DEA and HSI along with the El Salvadoran law enforcement authorities are conducting an investigation in El Salvador relative to high ranking MS-13

members. The investigation revealed that on January 20, 2016, there was a conversation in Spanish between a known MS-13 member from El Salvador and Ohio number 614-402-6149. The individual identified himself as 'Veneno' and advised that he (CAZARES) was activated in Columbus by MS-13 as an East Coast Program. CAZARES said he was a close associate of the current clique's leader CAZARES called 'Moment'.  I know from speaking with other law enforcement officers and agents with knowledge of the MS-13 gang that during telephone conversations between gang members they will say the opposite of what they mean or something close to but not the actual word. Therefore, I believe that when CAZARES says the leader is 'Moment' he is referring to 'Momia' who is known to local law enforcement as Evaristo RIVERA, an MS-13 member/leader.  Subscriber information received from AT&T revealed that telephone number 614-402-6149, is subscribed to by Jorge CAZARES at 6358 Stonebridge Street in Columbus. Columbus Police reporting from 2012 identified CAZARES as an MS-13 member using the street name 'Veneno' and residing at 6358 Stonebridge Street, Columbus, Ohio.

6.      In February 2016, Task Force members obtained information that in 2008 a proffer was conducted of CS1 regarding the murder of a CPD Confidential Source, Jose Mendez, in Perry County. CS1 reported that the president, ' Momia' (RIVERA), gave the order to murder the member because he was a "snitch" who was talking to police. CS1 thought MS-13 killed Mendez to set an example to the rest of the group as to what would happen if you did talk to the police. The other two members involved in the murder were 'Elvis' and 'El Mono'. 'Momia' (RIVERA), 'Elvis' and 'Mono' tortured the murder victim for three days. CS1 advised that they tied Mendez up, strangled him at one

3

point and did not give him any food or water. CS1 indicated that Mendez was alive when 'Momia' (RIVERA) shot him and then threw the gun in a pond or lake. CS1 said that CAZARES was the local MS-13 Vice President in 2008. It is noted that on March 29, 2016, SA Gill traveled to Trumball Correctional Facility to speak with CS1 relative to the above. SA Gill noted that CS1 had a new MS-13 tattoo "MS" in dark blue ink across CS1's neck. When SA Gill asked CS1 about the homicide, CS1 said he will do his time, that it was in god's hands then quickly exited the interview area. I believe that based on CS1's new MS-13 tattoo he still has strong ties to the gang and will not cooperate with law enforcement at this time.

7.      During an ongoing investigation being conducted by the Los Angeles FBI regarding MS-13 gang members, a California State arrest warrant was obtained for Jose MEJIA, a/k/a 'Espia', for four counts of attempted gang related homicide. According to the LA FBI, MEJIA recently left California for being a homicide suspect and was residing in Columbus and Akron, Ohio. On March 3, 2016, members of the FBI Columbus and Cleveland arrested MEJIA without incident at 973 Berwin St., Akron, OH. Also located with MEJIA were other documented MS-13 members Juan MARTINEZ, a/k/a 'Trece' and Jose OLIVARES, a/k/a 'Aparicio', along with MARTINEZ' girlfriend, Carolina MIRANDA. MEJIA was placed in the Wood County, Ohio jail to await future court proceedings. Law Enforcement Intelligence revealed that MS-13 members meet at least once a week to conduct gang business but rarely use the same location twice in a row to avoid being detected.

8.      Cooperating Witnesses have advised that MS-13 members were extorting other Central Americans living in Columbus, Ohio for cash and committing gang related

4

homicides. For example, in February 2016, CS2 advised that three to four years ago, he/she learned of a Columbus restaurant owner from El Salvador who was being directed by MS-13 members to provide them with $20,000. CS2 knew that the restaurant owner provided the money to the MS-13 members. The owner was then provided a phone number and told that she now had protection. CS2 then learned a relative of the above mentioned restaurant owner was instructed to pay MS-13 for protection but did not. CS2 said that the individual's house was then burned down by MS-13. Attempts are being made by the Task Force to identify the residence that was burned in Columbus, Ohio.

9. Toll analysis conducted of CAZARES' number, 614-402-6149, revealed that between the dates of December 1, 2015 and February 12, 2016, CAZARES was in contact with MEJIA's identified phone number 614-999-5940 on twelve occasions and RIVERA's identified phone number six times.

10. On March 22, 2016, U.S. Magistrate Judge Terence P. Kemp signed an order for a Pen Register and Trap and Trace for CAZARES' known AT&T cell phone, 614-402-6149. Said Pen Register and Trap and Trace was activated on March 23, 2016 and will terminate on May 22, 2016.

11. During this investigation, the address of 3350 Anita St., Columbus, Ohio, has been identified as a residence in which some identified MS-13 members frequent and appear to have gang meetings. For example, on April 3, 2016, video surveillance was being conducted at 3350 Anita Street and revealed that there several individuals, wearing MS-13 royal blue clothing, arrived at the residence beginning in the late morning. Based on my experience and speaking with other law enforcement officials, royal blue is the color used to identify members of the MS-13 gang. It is noted that on March 16, 2016, a

5

video surveillance unit was installed in the area of 3350 Anita Street.

12. One individual observed at the above referenced meeting and on numerous occasions during surveillance at 3350 Anita Street has been identified at Pedro OSORIO, a/k/a 'Smokey'. I know that on or about August 4, 2015 SA Bookman of DEA Columbus, Ohio received information from a DEA confidential source (DEA CS) that OSORIO was disturbing cocaine in the Central Ohio area. Under the direction of law enforcement, the DEA CS made four controlled purchases of cocaine from OSORIO. Each transaction was approximately $100.00 worth of cocaine. On August 25, 2015 DEA and CPD executed a State of Ohio search warrant at 1716 Shanley Dr. Unit 5, Columbus, Ohio and recovered an additional 2.5 grams of cocaine and 12 grams of marijuana. The suspected cocaine was sent to the DEA lab for analysis and resulted in a positive analysis for cocaine. The DEA CS also provided additional information that OSORIO would frequent a location at 3350 Anita St. Columbus, Ohio.

13. OSORIO's vehicle, a white 1999 Toyota RAV4 bearing Ohio License plate EMX 1229 is currently registered to Ivan Cazares (known brother of Jorge CAZARES) at 6358 Stonebridge St. Columbus, Ohio 43229. It is noted that on April 12, 2016, a State of Ohio Court signed an order permitting the use of a geolocation device for OSORIO's RAV4 which was installed on April 18, 2016.

14. Task Force investigators have learned through a check of law enforcement data bases that OSORIO is a documented member of the MS-13 gang and has a tattoo of "MS" on his chest as documented by Columbus Police Identification Bureau. I know through other investigators and other investigations throughout the United States that MS-13 derives their financial proceeds through extortion and the sale of narcotics.

15. On May 6, 2016, TFO Brown interviewed CS3 who advised that OSORIO was a high ranking member of MS-13 for the Columbus clique. CS3 heard that OSORIO and other MS-13 members ordered the murder of Wilson Villeda in 2015. Villeda's body was one of two found near each other in Innis Park, Columbus, Ohio in December 2015. CS3 recently obtained OSORIO's cell phone number, 614-369-5045, from a juvenile that is currently being recruited to join MS-13. An FBI data base check revealed that 614-369-5045 connected to an MS-13 investigation in the state of Virginia. Subpoenaed information received from Sprint revealed that 614-369-5045 is subscribed to Cristi Alvarado at 4378 Cleveland Ave., Columbus, OH 43224 and the account was activated on February 19, 2016. Task Force members have identified Cristi Alvarado as OSORIO's girlfriend and both have been observed residing at 1404 Aberdeen Road, Columbus, Ohio.

16. Based upon the aforementioned, I submit that there is probable cause to believe that telephone number 614-369-5045 is being utilized to violate 21 U.S.C. §841(a)(1)(distribution of methamphetamine); 21 U.S.C. §846 (conspiracy to distribute and possess with intent to distribute methamphetamine); 21 U.S.C. §843(b)(use of a telephone facility to facilitate the commission of a felony); and, 18 U.S.C. §1962(d)(conspiracy to conduct enterprise affairs through a pattern of racketeering activity). Based upon the aforementioned, there is cause to believe that information obtained by use of a pen register and trap and trace device, Enhanced Caller ID special calling feature, three (3) way calling and cell site information will yield evidence of the offenses enumerated above.

17. While a pen register and trap and trace device would identify the numbers that

7

were called by or had called OSROIO, they would not identify the subscribers to those numbers. Obtaining the subscriber information, ESN, IMSI, IFMI and/or IMEI and call detail records pertaining to any and/or all telephone numbers, both published and non-published, which are identified by use of the requested registering device, will also yield evidence of the offenses enumerated above.

Scott R. Waugaman
Special Agent

Subscribed and Sworn to before me this 10th day of May 2016.

Elizabeth Preston Deavers
U.S. Magistrate Judge

8